UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22CR151 HEA |
| KENTRELL JONES, | ) ) ) |
| Defendant. | ) ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Reports and Recommendations of Magistrate Judge Patricia L. Cohen as to Defendant's Motion to Dismiss Count III of the Second Superseding Indictment, [Doc. No. 138] (Report and Recommendation dated November 1, 2024) and Defendant's Motion to Suppress Statements [Dov. No. 141], Amended Motion to Suppress Evidence of Illegal Searches [Doc. No. 147], and Supplement to Pretrial Motions and Request for Franks Hearing [ECF No. 188] (Report and Recommendation dated December 11, 2024). Judge Cohen held a hearing on the Motion on July 2 and 3, 2024. In her November 1, 2024, Report and Recommendation, Judge Cohen recommended Defendant's Motion be denied. In her December 11, 2024 Report and Recommendation, Judge Cohen also recommended Defendant's Motions be denied. Defendant has filed written objections to these recommendations. The Government has responded. For the reasons set forth below, the objections are

overruled, and the Court will adopt Judge Cohen's Reports and Recommendations as provided herein.

The Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Defendant objects. See 28 U.S,C. 636(b)(1)(A). The Court has fully considered the briefs filed on the original motions as well as the post hearing briefs, and the objections. The Court has independently researched the controlling law.

## Discussion

**November 1, 2024 Report and Recommendation**

Defendant objects to Judge Cohen's conclusion that a competed Hobbs Act robbery, 18 U.S.C. § 1951, qualifies as a crime of violence, which therefore supports a charge of possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).

Judge Cohen correctly analyzed the law in this Circuit and concluded *United States v. Taylor*, ___ U.S. ___, 142 S.Ct. 2015 (2022) does not require dismissal of the charge because a completed Hobbs Act robbery is a crime of violence. The Eighth Circuit continues to hold post-*Taylor* that completed Hobbs Act robberies are crimes of violence to satisfy a conviction under 924(c). See *United States v. Moore,* No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022) (per curiam); see also *Green v. Garland*, 79 F.4th 920, 923–24 (8th Cir. 2023) (per curiam) (distinguishing the facts of *Taylor* and holding that a completed Hobbs Act

2

robbery constitutes a "crime of violence"); *Jackson v. United States*, No. 4:22-CV-00877-AGF, 2024 WL 4542307, at *3 (E.D. Mo. Oct. 22, 2024).

Defendant's Objections to the November 1, 2024 Report and Recommendation are without merit and are therefore denied.

**December 11, 2024 Report and Recommendation**

**Return of Defendant's Cell Phone**

Defendant initially objects to Judge Cohen's finding that he gave valid consent to search his cell phone and returned it within a reasonable time. With regard to consent, Defendant argues consent could not be considered valid because it was given in response to a false claim of lawful authority over the phone. Defendant argues Agent Herr claimed he could hold the phone for "months or even years if Defendant did not consent, citing *Dunn v. Does 1-22*, 116 F.4th 737 (8th Cir. 2024). In *Dunn*, it was found the officers arrested plaintiffs without probable cause, therefore the seizure of plaintiffs' cell phones was unreasonable. Unlike the situation in *Dunn*, there was, as Judge Cohen thoroughly sets out, probable cause for Defendant's arrest.

Over a decade ago, in *Riley v. California*, Chief Justice John Roberts described the unique significance of the modern cell phone to contemporary American life and to the investigation of criminal activity:

> Cell phones differ in both a quantitative and a qualitative sense from other objects that might be kept on [one's] person. The term "cell phone" is itself misleading shorthand; many of these devices are in fact minicomputers that also happen to have the capacity to be used as a telephone. They could just

3

> as easily be called cameras, video players, rolodexes, calendars, tape recorders, libraries, diaries, albums, televisions, maps, or newspapers....
>
> [Smartphone storage] translates to millions of pages of text, thousands of pictures, or hundreds of videos.... Cell phones couple that capacity with the ability to store many different types of information: Even the most basic phones that sell for less than $20 might hold photographs, picture messages, text messages, Internet browsing history, a calendar, a thousand-entry phone book, and so on.... We expect that the gulf between physical practicability and digital capacity will only continue to widen in the future.

573 U.S. 373, 393–394 (2014) (citing Orin Kerr, *Foreword: Accounting for Technological Change*, 36 Harv. J. L. & Pub. Pol'y 403, 404–05 (2013)). Guided by the Supreme Court's reasoning in *Riley*, this Court now considers the Fourth Amendment's application to the warrantless seizure and search of Defendant's cell phone.

Defendant argues the Government failed to provide an explanation for the more than two-week delay in seeking a warrant to search the phone. Further, Defendant claims Agent's statements regarding the "months and years" invalidates his consent as not voluntary because it was based on false representation. Defendant's argument is misplaced.

Unlike *United States v. Alberts*, 721 F.2d 636, 640 (8th Cir. 1983), where a false representation implying the existence of a warrant to search will invalidate consent, Defendant fails to articulate how Agent Herr's statements regarding delays in returning his cell phone were misrepresentations which may invalidate his consent to search his phone.

4

Likewise, Defendant's argument that the delay in returning his phone was unreasonable fails to recognize that he waited five days after his release to request its return. This establishes there was no delay in the return; it was returned the day after his request. See *Riley*, 573 U.S. at 379-380, 388; *United States v. Bragg*, 44 F.4th 1067, 1073 (8th Cir. 2022)(twenty-four day delay was not unreasonable under the circumstances of the case). Here, because Defendant did not seek the phone's return until 5 days after his release from custody and the phone was returned the very next day after the request, the return was not unreasonable.

**Denial of *Franks* Hearing**

There is a "presumption of validity with respect to the affidavit supporting the search warrant." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). But where the issuing judge's probable cause determination was based on "an affidavit containing false or omitted statements made knowingly and intentionally or with reckless disregard for the truth," the warrant may be invalid. *United States v. Reinholz*, 245 F.3d 765, 774 (8th Cir. 2001). This does not apply "to negligent misrepresentations." *United States v. Coleman*, 349 F.3d 1077, 1085 (8th Cir. 2003) (citation omitted).

A defendant prevails on a Franks claim if they show:

> (1) that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit; and (2) that the affidavit's remaining content is insufficient to establish probable cause. The same analysis applies to omissions of fact. The defendant must show: (1) that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading; and (2) that the affidavit, if

5

supplemented by the omitted information, could not support a finding of probable cause.

*Reinholz,* 245 F.3d at 774.

To determine whether the affiant's statements were made with reckless disregard, the defendant must show the officer "entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information." *United States v. Reed*, 921 F.3d 751, 756 (8th Cir. 2019) (citation omitted). "Recklessness, however, may be inferred from the fact of omission of information from an affidavit ... when the material omitted would have been clearly critical to the finding of probable cause." *United States v. Conant*, 799 F.3d 1195, 1200 (8th Cir. 2015) (internal quotation marks omitted). If the defendant proves a violation by a preponderance of the evidence, the defendant is entitled to suppression of the fruits of the search. *United States v. Neal*, 528 F.3d 1069, 1072 (8th Cir. 2008).

Judge Cohen carefully discusses her reasoning for finding any omission about the truth of Defendant's brother's statements were not intentional or intended to mislead the issuing judge. Likewise, Judge Cohen's conclusion that there is no basis to conclude that issuing judge would have rejected the application. Defendant points to no evidence in the record that these findings are contrary to the law under *Franks*.

**Motion to Suppress Statements**

**Probable Cause**

Defendant seeks to suppress his statements. He argues his statements must be suppressed because there was no probable cause for his arrest.

As the Eighth Circuit has held

> Probable cause is required for a warrantless arrest. *United States v. Houston*, 548 F.3d 1151, 1154 (8th Cir. 2008). "An officer has probable cause to make a warrantless arrest when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *Royster v. Nichols*, 698 F.3d 681, 688 (8th Cir. 2012) (quoting *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010)). Eighth Circuit precedent does not require that arresting officers witness a crime or have all the evidence needed to sustain a conviction; instead, officers only need a "probability or substantial chance of criminal activity, rather than an actual showing of criminal activity[.]" *United States v. Winarske*, 715 F.3d 1063, 1067 (8th Cir. 2013); accord *United States v. Mendoza*, 421 F.3d 663, 667 (8th Cir. 2005). "Law enforcement officers have 'substantial latitude in interpreting and drawing inferences from factual circumstances.' " *United States v. Henderson*, 613 F.3d 1177, 1181 (8th Cir. 2010) (emphasis added) (quoting *United States v. Washington*, 109 F.3d 459, 465 (8th Cir. 1997)).

*United States v. Green*, 9 F.4th 682, 690 (8th Cir. 2021).

In this case, the record clearly establishes the officers had ample information to establish probable cause, as Judge Cohen sets out in the Report and Recommendation. The T-Mobile tracker was showing stationary at 3739 Dunnica and subsequently moving east as Defendant exited 3739 Dunnica and drove away. The relevant inquiry is not the Defendant's guilt of the crime of robbery, but rather whether an inference can be drawn that Defendant committed a crime. Detective Bushart recites the facts in his affidavit that give rise to the inference that Defendant committed the crime.

**Post *Miranda* Statements**

It is undisputed that Defendant requested an attorney, continued talking without further questioning, and that Detectives stopped the interview and left the room. The issue arises with regard to Defendant's statements when detectives reentered the room. The record establishes Defendant initiated a discussion, not detectives. There has been no violation of Defendant's *Miranda* rights.

## Conclusion

The Court has fully considered the briefs filed on the motions as well as the objections. The Court has additionally independently researched the controlling law. After fully considering all matters, the Court adopts Judge Cohen's Report and Recommendation. Defendant's objections are overruled.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count III of the Second Superseding Indictment, [Doc. No. 138] (Report and Recommendation dated November 1, 2024), is denied

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements [Dov. No. 141] and the Supplement to Pretrial Motions and Request for Franks Hearing [ECF No. 188] (Report and Recommendation dated December 11, 2024), are denied.

**IT IS FURTHER ORDERED** that Defendant's Amended Motion to Suppress Evidence of Illegal Searches [Doc. No. 147], is granted as to any "verbal

8

communication stored on [Defendant's] cell phone" and denied in all other respects.

    Dated this 28th day of March, 2025.


                                                     _____
                                                      HENRY EDWARD AUTREY
                                         UNITED STATES DISTRICT JUDGE